# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LUTHER STEVEN MONTGOMERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 1:23-cv-131-TFM-B |
| | ) |
| DARLENE LOONEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are two separate Reports and Recommendations filed by the Magistrate Judge with regard to service-related issues. *See* Docs. 52, 53. The Court will address each in turn.

**A.    Defendant City of Mobile**

On July 19, 2024, the Magistrate Judge recommended that Defendant City of Mobile's Motion to Dismiss Third Amended Complaint (Doc. 46, filed 5/22/24) be granted as to dismissal under Rule 12(b)(5) and Rule 4(m) of the Federal Rules of Civil Procedure and denied as moot as to dismissal under Rule 12(b)(6). *See* Doc. 52. On August 5, 2024, Plaintiff filed a document entitled "Response to the City of Mobile" which the Court construes as objections. *See* Doc. 53. The City of Mobile filed a response to the objections on August 21, 2024. *See* Doc. 55.

The City of Mobile first asserts that Plaintiff's objections are not timely and should not be considered. Doc. 55 at 1. However, the Court notes that the "Notice of Right to File Objections" states any objections must file them "within fourteen (14) days of the date of service of this document." Doc. 52 at 9 (emphasis added). Plaintiff is *pro se* and the Report and Recommendation ("R&R1") was sent by traditional mail and Plaintiff does not receive electronic

notice like attorneys.[1]  As R&R1 was docketed on July 19, 2024 (a Friday) and mailed to Plaintiff the same day, it is reasonable to assume that August 5, 2024 (Monday and 17 days from the date of entry of R&R1) is within 14 days of service of the document.  Therefore, the Court will consider the objections as timely filed.

Next, the City of Mobile argues that Plaintiff's objections fall short of the specificity requirement.  Doc. 55 at 2.  While true that the Plaintiff fails to address exactly what portion of R&R1 is in error, what is clear is that Plaintiff disputes that Magistrate Judge's characterization on the attempts at service and argues that he "has provided more than enough to prove that [he] served the City of Mobile."  Doc. 53 at 1.  Therefore, the Court will still consider the objections.

Regardless, when reviewing the objections, Plaintiff fails to realize that the Magistrate Judge is correct in that the City of Mobile has not been properly served and is therefore subject to dismissal.  While the Court can sympathize that service upon government entities can, at times, be complicated, it still must enforce the rules of service under both the federal rules and Alabama rules.  The Magistrate Judge is correct in that Plaintiff was clearly instructed on how to serve the City of Mobile and ultimately proper service has not occurred.  This case has been pending since April 14, 2023 which is approximately 20 months ago.

---

[1] The Administrative Procedure for Electronic Filing provides: "Any party not represented by an attorney must file conventionally unless specifically allowed by the Clerk's Office or required by court order to file electronically."  *See*  p.  1  Section  I(B)(4)  at https://www.alsd.uscourts.gov/sites/alsd/files/AdminPro.pdf.  It further states:

> Unless otherwise ordered by the court, pro se filers may conventionally file paper originals of complaints, pleadings, motions, affidavits, briefs, and other documents which must be signed or which require either verification or an unsworn declaration. The Clerk's Office will scan these original documents and upload them into the ECF system. Pro se filers may also register for electronic filing, subject to approval by the Clerk's Office in its discretion.

*Id*. at p. 11, Section III(B).

Fed. R. Civ P. 4(m) states "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The Court gave Plaintiff multiple opportunities to correct the service deficiencies and extended the deadline on multiple occasions. There does come a point where it is enough. The Magistrate Judge's recommendation in R&R1 was that point. Even now, the objections do no attempt to remedy the deficiency, but instead simply says service has been done. It hasn't. As a result, both Rule 12(b)(5) and Rule 4(m) apply. So the objections must be overruled.

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge (Doc. 52) is **ADOPTED** as the opinion of this Court. Accordingly, Defendant City of Mobile's Motion to Dismiss Third Amended Complaint (Doc. 46) is **GRANTED** under Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 4(m) and the City of Mobile is **DISMISSED without prejudice**.

**B.    Defendants Kevin Nelson and Justin Washam**

On August 8, 2024, the Magistrate Judge entered a Report and Recommendation which recommends Defendants Kevin Nelson and Justin Washam be dismissed without prejudice for lack of service of process under Fed. R. Civ. P. 4(m). *See* Doc. 54. On August 22, 2024, , Plaintiff filed objections. *See* Doc. 56. The Report and Recommendation ("R&R2") is ripe for review.

As with the objections to R&R1, the objections to R&R2 fail to squarely address the specific analysis of the Magistrate Judge and does not provide a further plan to accomplish service. Instead, he simply asks the Court not to dismiss them and discusses the difficulties of service.

However, as with before, the Court has provided multiple opportunities and extensions for Plaintiff to serve these defendants.  Rule 4(m) requires that the Court find good cause for the failure to serve in order to give an extension.  Plaintiff's *pro se* status does not excuse him from compliance with the rules of service.  The Court cannot find that good cause exists for further extensions and so the objections must be overruled.

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court.  Accordingly, Defendants Kevin Nelson and Justin Washam are **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 4(m)

**DONE** and **ORDERED** this 10th day of January, 2025.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE