IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LUTHER STEVEN MONTGOMERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. ACT. NO. 1:23-cv-131-TFM-B |
| | ) | |
| DARLENE LOONEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are two untitled documents submitted by Plaintiff which relate to the Memorandum Opinion and Order issued on January 10, 2025. *See* Docs. 59, 60. The documents appear to be identical except that the one docketed second has an attachment. Having reviewed both documents, the Court **CONSTRUES** them as motions for reconsideration of the Opinion. Plaintiff asks the Court not to dismiss his case against Kevin Nelson, Daniel Lawrence, and the City of Mobile arguing that he did serve all three defendants. Having reviewed the motion, the Court finds that no response is necessary prior to the issuance of this opinion. For the reasons discussed below, the motion for reconsideration is **DENIED**.

Where no judgment has been entered, there is no judgment to alter or amend. *See Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000) (an interlocutory order is not subject to the limitations of Rule 59); *Nicholson v. City of Daphne*, Civ. Act. No. 1:07-cv-496-WS, 2009 U.S. Dist. LEXIS 57434, 2009 WL 2045152 (S.D. Ala. July 7, 2009) (order granting in part and denying in part motion for summary judgment not subject to Rule 59 or Rule 60). Rather, the arguments are more properly considered as a motion for reconsideration for which its resolution is reviewable only for abuse of discretion. *Sabatier v. Sun Trust Bank*, 301 F. App'x

913, 914 (11th Cir. 2008). A district court, in its discretion, can modify or vacate non-final orders at any point before final judgment. FED. R. CIV. P. 54(b); *John Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82, 88 (1922) (because the order was interlocutory, "the court at any time before final decree [could] modify or rescind it."); *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 858, 862 (5th Cir. 1970) (quoting *John Simmons*).[1]

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Products, Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citations omitted); *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003), *aff'd* 419 F.3d 1208 (11th Cir. 2005). "Likewise, motions to reconsider are not a platform to relitigate arguments previously considered and rejected." *Gougler*, 370 F. Supp. 2d at 1189 n. 1 (citations omitted); *see also Spellman v. Haley*, Civ. Act. No. 97-640-N, 2002 U.S. Dist. LEXIS 27308, 2002 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling").

In short, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) (internal quotes omitted); *see also Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003) (stating same)

Even reviewing under this standard, it is clear that Plaintiff is merely unhappy with the dismissal of the defendants at issue and seek to relitigate what this Court has already seen and

---

[1] In *Bonner v. City of Prichard, Alabama*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

rejected. He provides the Court with nothing to show the original determination was in error. Therefore, the motions for reconsideration (Docs. 59, 60) are both **DENIED**.

    **DONE** and **ORDERED** this 1st day of August, 2025.

                                                /s/Terry F. Moorer
                                                TERRY F. MOORER
                                                UNITED STATES DISTRICT JUDGE