# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LUTHER STEVEN MONTGOMERY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIV. ACT. NO. 1:23-cv-131-TFM-B |
| DARLENE LOONEY, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On January 16, 2025, the Magistrate Judge entered a Report and Recommendation which recommends the Federal Defendant's Motion to Dismiss (Doc. 44) be granted in part resulting in a dismissal of the § 1983/*Bivens* claims in the Defendants' individual capacities and the § 1983 claims asserted against Defendants Looney and Evans in their official capacities be dismissed with prejudice while the § 1983 claim asserted against Defendant Lawrence in his official capacity be dismissed without prejudice. *See* Doc. 58. Plaintiff also requested and received additional time to file his objections. *See* Docs. 61, 62.[1] Plaintiff filed his objections on February 12, 2025 along with a Fourth Amended Complaint. *See* Docs. 63, 64. The Defendants filed their response to the objections. *See* Doc. 66. Then Plaintiff filed an additional responses and notices. *See* Docs. 67, 68, 69, 70. The Court has reviewed all those pleadings in conjunction with this review of the Report and Recommendation which is ripe.

---

[1] Plaintiff also filed objections dated February 3, 2025 and a second set docketed on February 5, 2025. *See* Docs. 59, 60. The two documents appear to be identical except that the second one includes an attachment. *Compare* Doc. 59 *with* Doc. 60. Additionally, these appear to be related to the prior Memorandum Opinion and Order relating to Defendants Nelson, Lawrence, and the City of Mobile. *See* Doc. 57 (adopting Reports and Recommendations, Docs. 52, 54). This appears to be a motion for reconsideration of the prior Opinion which the Court will address by a separate Opinion.

In reviewing the "Response back to January 16, 2025 Order" which the Court **CONSTRUES** as objections, Plaintiff does not address the substance of the Report and Recommendation, but instead just makes the same allegations about an illegal search and his statements of innocence. *See* Doc. 63. The United States is correct in that Plaintiff fails to make "specific written objections to the Report and Recommendation. Regardless, in conjunction with reviewing the document entitled "4th Amended Complaint" (Doc. 64), the Court has performed to the best of its ability a *de novo* review.

Turning also to the "4th Amended Complaint", the Court first notes that Plaintiff did not seek leave of court to file another amended complaint. Rule 15(a) of the Federal Rules of Civil Procedure state:

> (a) Amendments Before Trial.
>
>> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:
>>
>>> (A) 21 days after serving it, or
>>>
>>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>>
>> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a). In reviewing the docket sheet, Plaintiff does not meet the criteria for filing it as a matter of course. Therefore, he must either have the Defendants' written consent or request leave of court. Neither occurred here. Yet, even reviewing it, the Court cannot find good cause to construe the document as containing a motion for leave nor does the Court find that it should provide the Plaintiff with yet another opportunity to amend his complaint. As noted by both the Magistrate Judge and the Defendants, Plaintiff has received several opportunities and the Report

and Recommendation even specifically recommended that he not be granted leave to file a fourth amended complaint. *See* Doc. 58 at 37-38. By filing another amended complaint, the Court takes that as an implicit objection to that portion of the Report and Recommendation, but finds that the objection is due to be overruled as the Magistrate Judge's analysis is well-supported by the record.

Even reviewing the additional documents Plaintiff filed (Doc. 67, 68, 69, 70) – which seem to ignore the Report and Recommendation and instead go back to the motion to dismiss – the Court finds no basis to set aside the well-reasoned analysis of the Magistrate Judge.

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge (Doc. 58) is **ADOPTED** as the opinion of this Court. Accordingly, the Defendants' motion to dismiss (Doc. 44) is **GRANTED in part**. It is **ORDERED** that:

(1) Plaintiff's § 1983 and/or *Bivens* claims against the Moving Defendants in their individual capacities are **DISMISSED with prejudice**;

(2) The § 1983 claims asserted against Defendants Looney and Evans in their official capacities are **DISMISSED with prejudice**;

(3) The *Bivens* claims asserted against the Moving Defendants in their official capacities are **DISMISSED without prejudice** for lack of subject matter jurisdiction; and

(4) The § 1983 claim asserted against Defendant Lawrence in his official capacity is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

(5) Plaintiff's "4th Amended Complaint" is **STRICKEN** as improperly filed and further leave is denied to file another amended complaint.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 1st day of August, 2025.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE